IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTHA STEELE                    :    CIVIL ACTION
                                 :
         v.                      :
                                 :
CHASE MANHATTAN                  :
MORTGAGE CORP., ET AL.           :    NO. 04-217

**ORDER-MEMORANDUM**

**Padova, J.**

       **AND NOW**, this 25th day of August, 2005, upon consideration of
Defendant Chase Manhattan Mortgage Corporation's ("Chase") Motion
for Summary Judgment (Doc. No. 30), and Plaintiff's Responses
thereto,[1] **IT IS HEREBY ORDERED** that said Motion is **GRANTED IN PART**
and **DENIED IN PART** as follows:

    1.    Chase's Motion is **GRANTED** with respect to Plaintiff's
          forgery and disclosure claims under the Truth in Lending
          Act, and these claims are **DISMISSED** as against Chase;

    2.    Chase's Motion is **GRANTED** with respect to Plaintiff's
          claims under the Real Estate Settlement Practices Act and
          the Fair Credit Reporting Act, and these claims are
          **DISMISSED** as against Chase;

    3.    Chase's Motion is **GRANTED** with respect to Plaintiff's

---

       [1] Plaintiff has filed numerous "responses" to the instant
Motion. (See Doc. Nos. 79, 84, 95, and 106-108). Although the
Court has considered all arguments made therein by Plaintiff in
ruling on the instant Motion, the summary judgment record in this
case consists only of the documents submitted by Plaintiff in
response to the instant Motion (see Doc. Nos. 85, 106-108) and the
documents attached to Plaintiff's Amended Complaint, as well as
exhibits attached to Chase's Motion. Chase has not challenged the
authenticity of the documents submitted by Plaintiff.

forgery and disclosure claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and these claims are **DISMISSED** as against Chase; and

4.      Chase's Motion is **DENIED** with respect to the following claims:

a.      Plaintiff's claim for failure to honor her notice of rescission, in violation of the Truth in Lending Act;

b.      Plaintiff's claims that Chase misrepresented that her loan was insured by the Federal Housing Administration and failed to give effect to her rescission of the loan transaction, in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and

c.      Chase's counterclaims for breach of contract and unjust enrichment.

This action arises from a home mortgage refinance agreement allegedly entered into by Plaintiff Martha Steele and Chase on September 20, 2002.  Plaintiff, who is presently proceeding as a *pro se* litigant, asserts several claims against Chase for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and related federal and state statutes.  Presently before the Court is Chase's Motion for Summary Judgment with respect to

all of Plaintiff's claims and two of Chase's counterclaims.[2]
Summary judgment is appropriate "if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment as
a matter of law." Fed. R. Civ. P. 56(c).

In Count I of the Amended Complaint, Plaintiff alleges that
Chase violated the TILA by: (1) failing to accurately disclose the
amount financed, the finance charge, and the annual percentage rate
for the loan; (2) forging her signature on the promissory note; and
(3) refusing to honor her notice of rescission of the loan
transaction. (Am. Compl. ¶¶ 27, 30-31.) Plaintiff seeks both
rescission of the loan transaction and damages under the TILA.
(Id. ¶ 34.) Chase argues that it is entitled to summary judgment
on Plaintiff's TILA claim for forgery because Plaintiff has failed
to produce any evidence that the loan papers were forged. Although
the summary judgment record is devoid of evidence that Chase forged
Plaintiff's signature on any of the loan documents, Chase would be
entitled to summary judgment on Plaintiff's claim even had

---

[2] Plaintiff also asserts claims against Service 1st Mortgage
Corporation ("Service 1st"), the mortgage broker and loan
originator which allegedly solicited Plaintiff concerning the loan
at issue, and White Rose Settlement Services, Inc. ("White Rose"),
the title company which allegedly served as Chase's closing agent
in connection with the loan. Service 1st has failed to plead or
otherwise defend against this action. Although White Rose has
filed an answer to Plaintiff's Amended Complaint, it has not moved
for summary judgment on Plaintiff's claims.

Plaintiff submitted such evidence because "forged documents receive no protection under the TILA." Walker v. Michael W. Colton Trust, 47 F. Supp. 2d 858, 865 (E.D. Mich. 1999); see also Jensen v. Ray Kim Ford, Inc., 920 F.2d 3, 4 (7th Cir. 1990) (affirming dismissal of TILA claim based on forged contract because the TILA only provides a remedy for persons "obligated" on a valid consumer credit transaction) (quoting 15 U.S.C. § 1631).   Accordingly, Chase's Motion is granted with respect to Plaintiff's TILA claim for forgery.   Chase's Motion is also granted with respect to Plaintiff's TILA claim for inaccurate disclosures because she has failed to produce any evidence in support of this claim.

Chase further argues that, inasmuch as Plaintiff seeks rescissory relief, her remaining TILA claim based on Chase's refusal to honor her rescission notice is barred by the TILA's one-year statute of limitations. See 15 U.S.C. § 1640(e).   Chase notes that Plaintiff did not file the instant action until January 20, 2004, approximately sixteen months after the consummation of the loan transaction.   However, the one-year limitations period set forth in § 1640(e) applies only to claims for damages under the TILA.   See Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 902-03 (3d Cir. 1990); Rudisell v. Fifth Third Bank, 622 F.2d 243, 247 (6th Cir. 1980).   Section 1635(a) of the TILA provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of

the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor . . . of his intention to do so."   15 U.S.C. § 1635(a).[3]   Section 1635(a) is qualified by § 1635(f), which states that, in all events, "[a]n obligor's right of rescission shall expire three years after the date of consummation or upon the sale of the property, whichever occurs first . . . ."   15 U.S.C. § 1635 (f).   Thus, a borrower may file an action for rescissory relief under the TILA within three years of the consummation of the challenged loan transaction where the borrower properly exercised her right to rescind within the initial three-day period under § 1635(a) and the lender has failed to honor the rescission.   See Curry v. Fidelity Consumer Discount Co., 656 F. Supp. 1129, 1131 (E.D. Pa. 1987) ("When the rescission provisions are not complied with by a creditor, the consumer has the right to rescind the transaction within three years of its consummation.").[4]   In this case, Plaintiff has attached to the

_____

[3] Section 1635(b) of the TILA provides, in pertinent part, that "[w]ithin twenty days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."   15 U.S.C. § 1635(b).

[4] By contrast, an obligor's right to rescission under § 1635 of the TILA expires three days after the date of the consummation of the transaction where the obligor failed to properly submit a rescission notice within the initial three-day period under §

Amended Complaint a signed copy of the rescission notice provided to her by Chase, as well as a copy of the United Parcel Service's tracking detail confirming that the notice was mailed to Chase on September 24, 2002, prior to the expiration of the three-day rescission period,[5] and received by Chase on September 26, 2002. (Am. Compl. Exs. C-D.)   As Chase has failed to establish that Plaintiff's request for rescissory relief is time-barred under § 1635, Chase's Motion is denied in this respect.[6]

In Count II of her Amended Complaint, Plaintiff alleges that Chase violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, by failing to acknowledge receipt of her written requests concerning the servicing of her loan and failing to take any action in response to her requests.  (Am. Compl. ¶¶ 37-41.)   Section 2605(e) of RESPA imposes a duty on loan servicers,

---

1635(a) and the creditor has not otherwise failed to comply with the TILA's disclosure requirements.  See 15 U.S.C. § 1635(a).

[5] Notice of rescission is considered given when mailed by the borrower.  See 12 C.F.R. § 226.23(a)(2).

[6] Although Plaintiff filed the instant action approximately sixteen months after the consummation of the loan transaction, Plaintiff's request for TILA damages is not necessarily barred under the one-year limitations period of § 1640(e).  See Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998) (holding that statute of limitations in § 1640(e) is subject to equitable tolling).  The Court notes that, on or about September 8, 2003, Plaintiff filed a separate action under seal that may have tolled the one-year limitations period under the TILA.  The Court need not, however, resolve the issue at this juncture because Chase has not raised a statute of limitations argument with respect to Plaintiff's request for TILA damages.

such as Chase, to respond to certain inquiries by borrowers.  In particular, § 2605(e)(1)(A) provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the *servicing* of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A) (emphasis added).  Section 2605(e)(2) further requires the loan servicer to take action with respect to a qualified written request within sixty days after receipt of the request.  <u>Id.</u> § 2605(e)(2).  RESPA defines the term "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  <u>Id.</u> § 2605(i)(3).  The summary judgment record reveals that Plaintiff's written requests to Chase concerned only her rescission demand, and not the "servicing" of her loan, as the term is defined by RESPA.  <u>See</u> <u>MorEquity, Inc. v. Naeem</u>, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (dismissing RESPA claim where "the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [borrowers'] account balance").  As Plaintiff's written requests to Chase fall outside

the ambit of RESPA,[7] Chase's Motion is granted with respect to
Plaintiff's RESPA claim.

In Count III of the Amended Complaint, Plaintiff alleges that
Chase violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §
1681, *et seq.*, by failing to conduct an investigation into her
disputes about the accuracy and completeness of credit information
furnished by Chase.  (Am. Compl. ¶¶ 43-44.)  Section 1681s-2(b) of
the FCRA imposes certain duties on "furnishers of credit
information," such as Chase, upon notice of a credit information
dispute.  In particular, § 1681s-2(b)(1) provides as follows:

> After receiving notice [from a consumer
> reporting agency] . . . of a dispute with
> regard to the completeness or accuracy of any
> information provided by [a furnisher of credit
> information] to a consumer reporting agency,
> [the furnisher of credit information] shall
> (A) conduct an investigation with respect to
> the disputed information; (B) review all
> relevant information provided by the consumer
> reporting agency . . . ; (C) report the
> results of the investigation to the consumer
> reporting agency; and (D) if the investigation
> finds that the information is incomplete or
> inaccurate, report those results to all other
> consumer reporting agencies to which [the
> furnisher of credit information] furnished the
> information and that compile and maintain
> files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b)(1).  Chase argues, and the Court agrees,
that summary judgment is appropriate on Plaintiff's FCRA claim

---

[7] Even if Plaintiff had submitted written requests to Chase
concerning the "servicing" of her loan, Chase would still be
entitled to summary judgment because the record is devoid of any
evidence that Chase failed to properly address such requests.

because Plaintiff has failed to produce evidence that Chase received notice from a consumer reporting agency concerning a credit information dispute by Plaintiff. <u>See, e.g.</u>, <u>Young v. Equifax Credit Info. Servs., Inc.</u>, 294 F.3d 631, 639-40 (5th Cir. 2002) (affirming entry of summary judgment where plaintiff offered no evidence that defendant received notice of dispute from credit reporting agency).   Furthermore, even if Plaintiff had produced such evidence, Chase would still be entitled to summary judgment because the record is devoid of any evidence that Chase failed to properly investigate any such dispute upon receipt of notice thereof.   Accordingly, Chase's Motion is granted with respect to Plaintiff's FCRA claim.

In Count IV of the Amended Complaint, Plaintiff alleges that Chase violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") by (1) misrepresenting that the mortgage loan was insured by the Federal Housing Administration ("FHA"), in violation of 73 Pa. Cons. Stat. Ann. § 201-2(4)(v); (2) forging Plaintiff's signature on the promissory note; (3) failing to provide Plaintiff with disclosures required under 73 Pa. Cons. Stat. Ann. § 201-7; and (4) failing to give effect to her rescission of the loan transaction, in violation of 73 Pa. Cons. Stat. Ann. § 201-7.   (Am. Compl. ¶¶ 47-50.)   Plaintiff has submitted no evidence suggesting that Chase forged her signature on the promissory note, or that Chase failed to provide her with any

disclosures required under Pennsylvania law.   Plaintiff has, however, produced evidence that, despite Chase's representations that the loan transaction was an "FHA loan," the loan was not FHA insured because Chase failed to sign the appropriate forms.  (See Doc. No. 85.)  This evidence is sufficient to raise a genuine issue of material fact as to whether Chase violated § 201-2(4)(v), which proscribes representations that "goods or services have . . . characteristics . . . [or] benefits that they do not have . . . ." 73 Pa. Cons. Stat. Ann. § 201-2(4)(v).  As to Plaintiff's claim that Chase failed to give effect to her rescission of the loan transaction, there is a genuine issue of material fact with respect to whether the loan transaction resulted from "a contact with or a call on [Plaintiff] at [her] residence either in person or by telephone," as required to bring the challenged transaction within the scope of 73 Pa. Cons. Stat. Ann. § 201-7.  In particular, the record shows that an agent for Service 1st conducted a "face to face interview" with Plaintiff in completing her loan application on August 1, 2002.  (See Doc. No. 85.)  Accordingly, Chase's Motion is granted with respect to Plaintiff's forgery and disclosure claims under the UTPCPL and denied with respect to Plaintiff's misrepresentation and rescission claims under the UTPCPL.

Chase also seeks summary judgment on its counterclaims against Plaintiff for breach of contract and unjust enrichment.  As Chase admits in its brief, however, resolution of its breach of contract

10

counterclaim turns on whether Plaintiff is entitled to rescind the loan transaction. Because one Plaintiff's TILA claims for rescissory relief has survived Chase's Motion for Summary Judgment, Chase is not entitled to summary judgment on its breach of contract counterclaim. Moreover, it would be premature to resolve Chase's quasi-contractual claim for unjust enrichment since Chase may, depending upon the Court's ultimate resolution of Plaintiff's TILA claim and Chase's breach of contract counterclaim, have an adequate remedy under the loan agreement. See Curley v. Allstate Ins. Co., 289 F. Supp. 2d 614, 619 (E.D. Pa. 2003) ("Pennsylvania law has long recognized that the doctrine of unjust enrichment is unavailable where . . . the relationship of the parties is founded on a written agreement or express contract.") (citations omitted). In any event, even if the Court determines that Plaintiff is entitled to rescind the loan transaction, the Court may impose equitable conditions on the rescission to ensure that Plaintiff is not unjustly enriched. See, e.g., Valentine v. Influential Sav. & Loan Ass'n, 572 F. Supp. 36, 40-41 (E.D. Pa. 1983) (noting that TILA rescission "is an equitable remedy and the court may condition it upon the borrower's return of the monies advanced by the lender"); see also 15 U.S.C. § 1635(b). Accordingly, Chase's Motion is denied with respect to its breach of contract and unjust

11

enrichment counterclaims.[8]

BY THE COURT:


s/ John R. Padova
John R. Padova, J.


_____

[8] The bench trial in this case, which is scheduled to commence on October 31, 2005, will involve the following claims in light of the Court's disposition of the instant Motion:
1.   Plaintiff's TILA claim against Chase for failure to honor her notice of rescission.
2.   Plaintiff's UTPCPL claims against Chase for misrepresenting that the mortgage loan was FHA insured and for failing to give effect to her rescission notice.
3.   All of Plaintiff's TILA, RESPA, and UTPCPL claims against White Rose.
4.   All of Chase's counterclaims against Plaintiff.
5.   All of Chase's cross-claims against the other Defendants.